UNITED STATES v. SHELDON & CO. (No. 2725) [1]

MECHANICAL HAND FANS.

A fan, operated by a spring actuated by repeatedly pressing a push button, used to fan the face, is classifiable under the provision of paragraph 1432, Tariff Act of 1922, for "Fans of all kinds, except common palm leaf fans," rather than as in chief value of celluloid under paragraph 31 or in chief value of metal under paragraph 399.

## United States Court of Customs Appeals, May 29, 1926

APPEAL from Board of United States General Appraisers, Abstract 50754

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.

No appearance for appellees.

[Oral argument May 14, 1926, by Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Small mechanical hand fans imported at the port of Chicago and classified by the collector of customs as revolving fans in chief value of cellulose, were assessed for duty at 60 per centum ad valorem under that part of paragraph 31 of the Tariff Act of 1922, which reads as follows:

PAR. 31. Compounds of pyroxylin, of other cellulose esters or ethers, or of cellulose, by whatever name known * * * made into finished or partly finished articles, of which any of the foregoing is the component material of chief value, 60 per centum ad valorem.

The importer protested that the fans were either articles of metal dutiable at 40 per centum ad valorem under paragraph 399, or that they were fans dutiable at 50 per centum ad valorem under paragraph 1422. Paragraphs 399 and 1422, in so far as pertinent, read as follows:

PAR. 399. Articles or wares not specially provided for, if composed wholly or in chief value of * * * iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum or other metal, * * * whether partly or wholly manufactured, 40 per centum ad valorem.

PAR. 1422. Fans of all kinds, except common palm-leaf fans, 50 per centum ad valorem.

The Board of General Appraisers held that the fans were articles in chief value of metal and therefore dutiable at 40 per centum ad valorem under paragraph 399. The protest was accordingly sustained by the board and the Government appealed.

The testimony and samples in evidence submitted to the board on the hearing of the protest establish that the goods imported are mechanical hand fans for fanning the face; that the device is provided with a propeller shaped celluloid appliance which is rapidly

rotated by a spring put in operation by repeatedly pressing a button; that the rotations caused by pressing the button agitate the air and accomplish the same result as that produced by the common ordinary familiar hand fan.

The New Standard Dictionary defines a fan to be an implement or device for agitating the air by the movement of a flat surface especially if made for the cooling or refreshment of the face; specif., a light, flat implement characteristically spreading in a wedge-shaped sheet from the stem or point, with a stock or handle. The articles imported are hand implements for cooling the face and meet the definition of a fan in every particular, except that they are not provided with a flat surface and have no stock or handle. That variation we do not consider material or important inasmuch as it is a matter of common knowledge that most, if not all, folding hand fans have no stock or handle and do not have a surface, any two points of which may be joined by a straight line which touches all intermediate points.

We are of the opinion that a device held in the hand and operated by hand, if made and used to agitate the air for the purpose of cooling the face is a fan regardless of whether it has a curved or a flat surface and regardless of whether it is put in operation by a movement of the hand or by a mechanism held in the hand and operated by the hand. We are satisfied that articles of the kind imported are bought and sold as fans, that they are known and designated by people in general as fans, and that as they are hand devices, operated by hand, and made for the purpose of agitating the air and cooling the face they are provided for in paragraph 1422.

The judgment of the Board of General Appraisers (now the United States Customs Court) is therefore *reversed*.